DECISION
The matter now before this Court for decision is whether the plaintiffs, Ge Yang and Yeng Lo Yang, have successfully proven that the defendants, Robert J. Knox Sons, Inc., failed to properly construct the premises and failed to properly supervise its employees and subcontractors during the course of this construction. Plaintiffs' final complaint alleges that the defendants breached a warranty of guarantee.
The defendants constructed and sold to the plaintiffs a house located at 14 Jacqueline Court in Warwick, Rhode Island. Both parties have stipulated that this house, as built, complied with all Rhode Island building code standards. According to Mrs. Yang's testimony, on the day of the closing, October 20, 1989, she and her family began making improvements to the basement of the house without the assistance of any licensed contractors. This construction included installing partitions and hanging a drop ceiling from the first-floor joists. Mrs. Yang further testified that sometime during November 1989 water stains appeared on her kitchen ceiling, and in January 1990 the ceramic tiles on the first floor of the premises cracked. Through the testimony of an expert witness, the plaintiffs asserted that the leakage was caused by an improperly supported bathtub above the kitchen area and that the tile breakage was caused by a defectively reinforced floor. Conversely, the defendants' expert witness maintained that the construction complied with code standards and that the Yangs' independent remodeling of the basement caused the damage to the tiles.
Rhode Island case law states ". . . where there is a sale of a new house by a vendor who is also the builder thereof, there is an implied warranty of reasonable workmanship and habitability surviving the delivery of the deed." Padula v. J. J. Deb-CinHouses, Inc., 298 A.2d 529, 532 (R.I. 1973).
Both expert witnesses agreed that the house was built in accordance with all Rhode Island building code standards. The plaintiffs, however, contend that a greater standard applies given the nature of the tiles used in the bathroom flooring. The Court, however, finds Mr. Guimond's testimony in that regard to be unpersuasive. Moreover, further evidence offered at trial is persuasive that in fact the plaintiffs' modification to the structure caused the problems to the flooring. Plaintiffs' Exhibit 5 appears to reveal that in the process of making improvements to their cellar, the plaintiffs themselves altered the bridging between the floor joists, essentially nullifying any existing implied warranty of habitability. Defendants' witness, Mr. Petrocelli, testified that an intervening act, here the removal of the bridging, could cause deflection of the joists and, in turn, cracking of the tiles. In turn, the testimony of the plaintiffs' expert lacked adequate detail that industry standards require more closely spaced joists when installing tile floors and, moreover, was unpersuasive in relation to his opinion that plaintiffs' modifications could not have frustrated the uncontested standard of care exercised by the defendants. Therefore, this Court finds the plaintiffs have not met their burden of proof in establishing that the defendants failed to properly construct the premises. Additionally, the plaintiffs offered no evidence at trial to support their allegation that the defendants negligently supervised its workers during the construction of this dwelling.
Count III of plaintiffs' complaint is based on a breach of warranty theory. Rhode Island General Laws § 34-11-1 requires conveyances of land to be in writing. Here, the contract regarding the conveyance of real estate was the sales agreement entered into on August 25, 1989. Although this agreement contained no warranties or guarantees, the plaintiffs allege that there was a subsequent verbal modification which added a warranty to this contract. There was no evidence presented at trial, however, that would lead one to believe that such an oral modification ever existed. Mrs. Yeng's testimony, standing by itself, is not sufficient to fulfill the burden of proof that such an oral modification was ever made. Accordingly, the Court finds that plaintiff has not met its burden of proof in establishing a breach of warranty claim against the defendant. We find such an assertion unmerited because the problems at plaintiffs' home arose directly from the modifications that the plaintiffs themselves effectuated.
Based on the above findings, judgment shall enter for the defendants.